Ross Cornell, Esq. (SBN 210413)
Email: *ross.law@me.com*
LAW OFFICES OF ROSS CORNELL, APC
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Phone: (562) 612-1708

Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, California 92101
Phone: (619) 272-7014

Attorneys for Plaintiff,
TINA M. ARELLANO and the PROPOSED CLASS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. ARELLANO, on behalf of herself and all others similarly situated, | Case No.: 2:18-cv-4442 |
| Plaintiffs | CLASS ACTION |
| v. | **CLASS ACTION COMPLAINT** |
| SELECT PORTFOLIO SERVICING, INC. and Does 1-50, inclusive, | |
| Defendants. | DEMAND FOR JURY TRIAL |

1

**CLASS ACTION COMPLAINT**

COMES NOW Plaintiff, TINA M. ARELLANO, and hereby alleges on behalf of herself individually and on behalf of all other similarly situated, as follows:

1.     The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

2.     This class action is brought by Plaintiff, TINA M. ARELLANO ("Plaintiff") against Defendants SELECT PORTFOLIO SERVICING, INC. and Defendant DOES 1 through 50, inclusive, and each of them, for damages sustained by Plaintiff and the Proposed Class based on the Defendants' wrongful actions and includes the following causes of action: Violations of Cal. Civil Code § 2923.7, Wrongful Foreclosure and Violations of Cal. Business and Professions Code § 17200, *et seq*.

## THE PARTIES

3.     Plaintiff and Class Representative TINA M. ARELLANO (hereinafter "Plaintiff") is a resident of the State of California, residing in the County of Los Angeles.

4.     Defendant, SELECT PORTFOLIO SERVICING, INC. (hereinafter "SPS") is a Utah corporation with its principal place of business in Salt Lake City.  SPS is authorized to do business in California and at all relevant times was the servicer of the Plaintiff's mortgage.

5.     The true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sues said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and

**CLASS ACTION COMPLAINT**

happenings herein referred to, and caused injuries and damages thereby to the Plaintiff as alleged herein.

6.      Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.SC. § 1332(d) because this case is a class action where the aggregate claims of all members of the class are in excess of $5,000,000 exclusive of interest and costs and most of the proposed class are citizens of states different from the Defendants.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8.      Plaintiff is a citizen of this state and this Court has personal jurisdiction over Defendants because Defendants conduct business in California and otherwise intentionally avail themselves of the markets in California so as to render the exercise of jurisdiction by this Court proper.  Defendants have marketed, promoted, sold and otherwise provided services in California and in this District, which is where Plaintiff engaged in business with the Defendant.

9.      Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue since the Defendants are subject to personal jurisdiction in this district and a substantial part of the events or omission giving rise to the claims occurred in this District.

## HBOR AND SINGLE POINT OF CONTACT

10.      On July 11, 2012, Governor Edmund G. Brown Jr. signed into law foreclosure reform legislation titled California Foreclosure Reduction Act that became known as California's Homeowner's Bill Of Rights (HBOR).

**CLASS ACTION COMPLAINT**

11.    HBOR reformed California's non-judicial foreclosure process so that borrowers have greater protection from both the non-judicial foreclosure process and wrongful foreclosures, and a meaningful opportunity to be considered for, and obtain, a loan modification or other alternative to foreclosure.

12.    HBOR became effective January 1, 2013. Among the key provisions in HBOR, §2923.7 provides that a mortgage servicer is required to create a "single point of contact" (SPOC) to communicate with a borrower.

13.    The SPOC is required to be an individual or a team that has the authority to perform specific responsibilities, has knowledge of a borrower's situation and current status, has access to and provides accurate information to a borrower, and coordinates all documents associated with a borrower's application for loan modification.

14.    Though some of the HBOR provisions were to expire at the end of 2017, the SPOC provision, due to its necessity in stopping the abhorrent practice of dual tracking, continues in full force and effect.

## FACTUAL ALLEGATIONS

15.    On or about March 6, 1995, Plaintiff became the sole owner of real property, a single family residence located at 4805 North Darfield Avenue, Covina, California, 91724, Assessors Parcel Number: 8403-015-027.  Plaintiff occupies the property as her residence.

16.    As part of a refinance on June 27, 2006, Plaintiff signed a Note and Deed of Trust for a first trust deed.  SPS is now the servicer of the Note and Deed of Trust.

17.    On July 26, 2016, a Notice of Trustee's Sale (NTS) was recorded on Plaintiff property.  Over the next few days Plaintiff received solicitations from SPS to apply for a loan modification and that SPS would like to work with her on foreclosure prevention options.

18.    On August 1, 2016, Plaintiff submitted a new loan modification application to SPS, which was solicited by SPS.  Plaintiff had fell behind due to a death in her family and SPS had refused to accept her payment once the hardship was over because she was past due.

**CLASS ACTION COMPLAINT**

19.    The new application included a material change from previous applications that Plaintiff has submitted, in that it included income from Plaintiff's son who was contributing income to the household.

20.    SPS did not comply with HBOR by concealing all but two of the Net Present Value (NPV) inputs used in Plaintiff's loan modification review. The Denial notice to the Plaintiff included a single page designating NPV results. The information provided on this page was in error. The Defendant SPS SPOC and or team refused to communicate with the Plaintiff by not being available, refusing to return her telephone calls. The Plaintiff contends that SPS used erroneous information in their review of her loan modification and did not afford her a fair opportunity to be reviewed for a loan modification. Had the Plaintiff been able to effectively communicate with her SPOC during the review process or appeal time period, she would have been informed of the information used by the Defendant SPS.

21.    Plaintiff further alleges that SPS has an internal policy designed to specifically restrict California borrowers access to all of the NPV's used in the SPS "standard modification" program.  This internal policy is in direct conflict with California's HBOR laws. It is the Plaintiff contention that intentionally and or negligently failing to communicate with the Plaintiff loan modification process and appeal process she would not be able to correct any errors or mistakes made by the Defendant. Further, the Plaintiff has no means to determine if a loan modification review even took place as her denial provided no indicia of any actions taken by SPS to review her application, coupled with the failure to be able to communicate with her SPOC/Team raising suspicions and concerns over the Defendant SPS loan modification review process.

22.    The plaintiff contends that the failure to be able to communicate with her SPOC and their team permitted the Defendant to use incorrect, erroneous and inaccurate information that would have been corrected had the SPOC had been available.

23.    Plaintiff's PROPERTY was foreclosed upon on March 2, 2017 and Plaintiff will suffer irreparable harm and damage if relief is not granted, in that through SPS's foreclosure

**CLASS ACTION COMPLAINT**

sale, a Trustee's Deed Upon Sale has been recorded conveying title of the property to *HSBC Bank USA, National Association, as trustee in trust for the registered holders of ACE securities Corp. Home Equity Loan Trust, series 2006-NC3, Asset Backed Pass-Though Certificates*. Plaintiff will suffer the loss of her home and face eviction from her PROPERTY. The title to the subject property has not vested in a third party thus the option of recession of the Trustee Sale is available when the Defendant SPS properly reviews the loan modification application and issues the modification, otherwise Plaintiff's claim for wrongful foreclosure is fully completed by the Defendant SPS.  One purpose of HBOR is to "ensure that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options." See Cal. SB 900 § 1. The Plaintiff contends she is eligible for a loan modification and suffered the loss of that option. Had SPS properly reviewed her loan modification application, the Plaintiff would have avoided foreclosure.

## THE SPS LOAN MODIFICATION PROCESS

24.    Plaintiff sent SPS a full and complete loan modification application on August 1, 2016.  This full and complete loan modification application contained all the documents and items requested by SPS and their loan modification application.

25.    On August 1, 2016, SPS received the Plaintiff's full and complete loan modification application and began its loan modification review.  The full and complete loan modification application was sent to the fax number provided by the SPS on its solicitation letter. The fax confirmed that all pages were sent successfully. The Defendant SPS did not communicate in any form that documents or additional items were needed or required.

26.    Plaintiff immediately requested that SPS provide a person responsible for communicating with as a single point and/or assign a Single Point of Contact (SPOC).  SPS informed Plaintiff verbally that Teresa Cano was Plaintiff SPOC at SPS.

27.    Rather than provide the required SPOC, SPS shunted Plaintiff and the Proposed Class around among personnel who had no interest in helping Plaintiff with her loan modification, who did not have access to contemporaneous or necessary information regarding Plaintiff's account, in order to wear her down. Between August 1, 2016 and January 12, 2017, Plaintiff and her representatives contacted SPS at least twenty-eight (28) times requesting to speak with the SPOC, and all but three instances was told ***the SPOC was unavailable***[1].  Each time a request was made that the SPOC return the phone call and each time the SPOC failed to respond to Plaintiff's request.

28.    Instead of being able to speak with the assigned SPOC, SPS had a very long list of ***uninformed phone agents*** who would not give their full names most of the time or would not give identifying ID numbers.  The Plaintiff spoke to the following persons on the date specified, in which the Plaintiff or Plaintiff's counsel, requested to speak to her SPOC, but was transferred to someone else at SPS. There were approximately 28 individual contacts attempted by Plaintiff, each of which, resulted in Plaintiff not being provided with and/or receiving the information that would otherwise be required by a SPOC.[2] Each time the SPS

---

[1]  Section 2923.7 permits a SPOC to consist of a team, but at no time did any of the representatives acknowledge they worked as or with the SPOC nor did they possess the information or authority required under the statute.

[2]  The contacts were on: January 27, 2017 (spoke with Ashley), January 26, 2017 (spoke with Isamar), January 25, 2017 (spoke with Isamar), January 4, 2017 (spoke with Ismar), January 3, 2017 (spoke with Sean Tae Henderson), December 28, 2016 (spoke with Belizia), December 13, 2016 (spoke with Mary Lou), December 13, 2016 (spoke with Cory Grant), December 5, 2016 (spoke with Joanne Walker Thomas), December 2, 2016 (spoke with Rebecca Esquivel), November 30, 2016 (spoke with Leona F), November 29, 2016 (spoke with Eunice Lampe), November 28, 2016 (spoke with Jennifer), November 23, 2016 (spoke with Jalena Marquez), November 20, 2016 (spoke with Antonio), November 21, 2016 (spoke with Zach), November 21, 2016 (spoke with Mario), November 3, 2016 (spoke with Alicia Brown), October 20, 2016 (spoke with Tiffany Kander), December 11, 2016 (spoke with Marcus Brown), October 4, 2016 (spoke with Mike), September 23, 2016 (spoke with Tony), September 19, 2016 (spoke with Alan Ahmed), September 12, 2016 (spoke with Zach),  September 6, 2016 (spoke with Norm), August 31, 2016 (spoke with Jackie Collins), August 17, 2016 (spoke with Norm), August 15, 2016 (spoke with Ronald Gilbert), August 9, 2016 (spoke with Jessica C.), August 4, 2016 (spoke with Sonia M.).  The foregoing list of persons were spoken with by Plaintiff's representatives at SPS from August 1, 2016 through January 2017.

**CLASS ACTION COMPLAINT**

agent had no working knowledge of Plaintiff application, no authority to help, and could not get the SPOC to return a call.

29.    On October 20, 2016, Tiffany Kinder told Plaintiff's counsel's office in the SPS modification department that Plaintiff had been denied and that the denial would be sent out. Ms. Kinder did not have further information as to why the application had been denied. Plaintiff never received the correspondence as promised and it was not until Plaintiff's counsel's office contacted SPS on November 3, 2016 that SPS promised to fax a copy of the denial to Plaintiff.

30.    On November 4, 2016, Plaintiff received a faxed copy of the denial dated October 20, 2016. Plaintiff was denied for SPS's "Trial Modification" program due to a modification "not being feasible."

31.    On March 2, 2017, at the direction of SPS, a trustee sale of Plaintiff's PROPERTY was conducted.

32.    For the reasons set forth herein, SPS has utterly failed to comply with the SPOC requirements as to Plaintiff and the Proposed Class, which has resulted in class-wide violations of HBOR and wrongful foreclosure proceedings, all of which are the result of SPS's institutional problems.

33.    The Defendant, by proceeding with the foreclosure of the Plaintiff's residence while in active loan modification review is a violation of California law. The foreclosure was a violation of CC §2923.7. Since there was an unlawful foreclosure, the Plaintiff may recover under contractual and tort. In addition, a violation of CC §2923.7 is a violation of CC §2924.12 and all related sections that applies.

## SPS FAILS TO PROVIDE SPOC AS A MATTER OF COMPANY-WIDE POLICY AND PRACTICE

34.    SPS failed to have its designated SPOC be available to communicate with and/or respond to inquiries by Plaintiff and the Proposed Class.  Instead, SPS shunted Plaintiff and the Proposed Class around between uninformed personnel that did not have sufficient information,

authority, knowledge, expertise or training necessary for them to act as a "Team SPOC" and regularly and consistently failed to:

    (a)    Have the ability or authority to accurately communicate the process by which the Plaintiff and Proposed Class could apply for an available foreclosure prevention alternative, the deadline for any required submissions to be considered for such options;

    (b)    Coordinate the receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.

    (c)    Have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

    (d)    Ensure that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

    (e)    Have access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

    (f)    Ensure that each member of the team is knowledgeable about the Plaintiff and Proposed Class's situation and current status in the alternatives to foreclosure process.

35.    SPS's client management software (MSP, SelectCe, and Black Knight) is insufficient to permit "Teams" to function as SPOC on behalf of Plaintiff and the Proposed Class in that it is not regularly or contemporaneously updated with pertinent information necessary for the "Team SPOC" to maintain a working knowledge of the Plaintiff and Proposed Class's processes.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this action on her own behalf, on behalf of all others similarly situated, and on behalf of the general public and seeks class certification as set forth herein.

37.    All claims alleged herein arise under California law for which Plaintiff and the Putative Class seek relief as authorized by California law.

**CLASS ACTION COMPLAINT**

38.    Plaintiff seeks certification of the following class (hereinafter the "Class"):

> **All persons residing in the State of California who requested and were not provided with a Single Point of Contact in connection with a foreclosure prevention alternative by Select Portfolio Servicing, Inc. regarding residential real property that resulted in foreclosure.**

39.    Excluded from the Class are the Defendants in this action, any entity in which the Defendants have a controlling interest, any officers, directors, and shareholders of the Defendants, and any legal representatives, heirs, successors, and assigns of the Defendants.

40.    There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

a.    <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the Class is unknown to Plaintiff at this time.  However, the Class is estimated to be greater than five hundred (500) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' business records.

b.    <u>Typicality</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

c.    <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member with whom she has a well-defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that she has an obligation to the Court to make known any relationship, conflict, or differences with any Class Member.  Plaintiff's attorneys and proposed Class counsel are well-versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

**CLASS ACTION COMPLAINT**

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

41.    There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

a.    Whether Defendants have a policy and practice of failing to designate a single point of contact for Plaintiff and the Proposed Class;

b.    Whether Defendants' policy and practice of designating multiple individuals as a single point of contact violates the law;

c.    Whether Defendants' data and information systems are insufficient to allow teams of representatives to act as a single point of contact;

d.    Whether Defendants' policy and practice of training its representatives to act as a single point of contact are insufficient;

e.    Whether Defendants falsely represent to Plaintiff and the Proposed Class that they will be provided with a single point of contact;

f.    Whether Defendants falsely advertise themselves to the Plaintiff and the Proposed Class as HBOR compliant;

g.    Whether Defendants regularly fail to designate a single point of contact to the Plaintiff and the Proposed Class upon request; and

h.    Whether Defendants are subject to statutory damages for failing to designate a single point of contact.

**CLASS ACTION COMPLAINT**

**FIRST CAUSE OF ACTION**
*Violations of Cal. Civil Code § 2923.7*
*(By Plaintiff and the Proposed Class Against All Defendants)*

42.   Plaintiff incorporates all of the foregoing paragraphs by reference as though fully set forth herein.

43.   HBOR requires servicers to provide a single point of contact (SPOC) "[u]pon request from a borrower who requests a foreclosure prevention alternative." Cal. Civil Code § 2923.7(a). SPOCs may be an individual or a "team" of people and have several responsibilities; including informing borrowers of the status of their applications and helping them apply for all available loss mitigation options.

44.   Plaintiff and the Proposed Class specifically requested to speak to their supposed "SPOC" more than once.   Instead, they were shuffled from one unknowledgeable representative to another, who could not provide Plaintiff and the Proposed Class with accurate or timely information about the status of loan modification application processes because they did not have sufficient knowledge or information available to them.

45.   SPOCs may be an individual or a "team" of people and have several responsibilities, including: facilitating the loan modification process and document collection, possessing current information on the borrower's loan and application, and having the authority to take action, like stopping a sale.   Importantly, each member of a SPOC team must fulfill these responsibilities.   Defendant failed to assign a SPOC or team responsible for fulfilling the duties to Plaintiff and Proposed Class as required by the statute.

46.   Plaintiff and the Proposed Class were told false, inaccurate, untimely and misleading information, received conflicting information by multiple representatives, and were generally misled through the loan modification process.   The SPOC assigned to the Plaintiff and the Proposed Class failed to perform any of their mandatory duties.

**CLASS ACTION COMPLAINT**

47.    Plaintiff and the Proposed Class suffered immediate, irreparable damage, and prejudice, including foreclosure on their primary residences, and noneconomic losses resulting from the ongoing stress, strain, frustration and anguish of being provided with no SPOC.

48.    SPS is liable to the Plaintiff and the Proposed Class for statutory damages their conduct in failing to provide a SPOC, which was reckless or intentional or resulted from willful misconduct. *See* Cal. Civil Code §2924.12(b).

49.    The actions of the Defendants rise to the level of violating CC §2923.7. Due to these violations, SPS is subject to damages of $50,000.00 or treble actual damages if greater, under §2924.12.   As a direct result of the violations by the Defendants, Plaintiff and the Proposed Class have suffered damages as discussed *supra*.

## SECOND CAUSE OF ACTION
*Wrongful Foreclosure*
*(By Plaintiff and the Proposed Class Against all Defendants)*

50.    Plaintiff incorporates all of the foregoing paragraphs by reference as though fully set forth here.

51.    Defendants caused a trustee sale to occur on Plaintiff's property on March 2, 2017 before Defendants had complied with Cal. Civil Code §2923.7 in its review of Plaintiff and the Proposed Class for a loan modification.

52.    Plaintiff and the Proposed Class suffered the loss of their homes due to SPS's failure and refusal to provide a SPOC as required by law.

53.    SPS violated Cal. Civil Code §2924.12 by violating §2923.7. Section §2924.12 states as follows:

"(b)   After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.5, 2923.7, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.  If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may

**CLASS ACTION COMPLAINT**

award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000)."

54.    In the present matter, the material breach of Cal. Civil Code §2923.7 led inexorably to the unlawful trustee sale of residences belonging to Plaintiff and the Proposed Class.

55.    Additionally, in the State of California, an unlawful foreclosure is not only a violation of statute, but may also be considered a tort action. Here, the foreclosure was not a mere technically violation, but rather was based on a violation of a California Statute, i.e. Cal. Civil Code §2923.7. (*Miles v. Deutsche Bank National Trust Co.* (April 29, 2015) 2015 WL 1929732). This material violation of Cal. Civil Code §2923.7 applies to Cal. Civil Code §2924.12, but also applies as a tort which provides for recovery of all proximate and consequential damages.

56.    Plaintiff and the Proposed Class are excused from tendering in light of recent cases, (*Lona v. Citibank*, N.A. (2011) 202 Cal.App.4th 89, 112 (*Lona*).) The recognized exceptions to the tender rule include when specific circumstances make it inequitable to enforce the debt against the party challenging the sale.

57.    The conduct of Defendants previously described, was done with malice, oppression or fraud. Defendants intentionally caused harm to Plaintiff and the Proposed Class, with a willful and conscious disregard for state law, and otherwise was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of their rights.

## THIRD CAUSE OF ACTION
*Violations of Cal. Business and Professions Code §§ 17200, et seq.*
*(By Plaintiff and the Proposed Class Against all Defendants)*

58.    Plaintiff incorporates all of the foregoing paragraphs by reference as though fully set forth here.

59.    Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendant.

**CLASS ACTION COMPLAINT**

60.    Defendant is subject to California's Unfair Competition Law, Cal. Business &
Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall
mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive,
untrue or misleading advertising …"

61.    Defendant's conduct and omissions as alleged herein violated the "unlawful"
prong of the UCL by violating Civil Code §§ 2923.7 and §2924.12 and by committing
Wrongful Foreclosure against the Plaintiff and the Proposed Class.

62.    Plaintiff and the Proposed Class lost money or property as a result of the unlawful
business practices of the Defendants because they were the victims of wrongful foreclosure
that deprived them of their valuable real property because the Defendants failed to comply
with the SPOC requirements of HBOR.

63.    Defendant's business practices as alleged hereinabove are unlawful, unethical,
unscrupulous and violate fundamental public policies of this State.  Furthermore, any
justification for the Defendant's behavior is outweighed by the adverse effects of such
conduct.

64.    Plaintiff and the Proposed Class members could not reasonably avoid the harm
caused by Defendant's wrongful practices.  Assuming, arguendo, that Defendant's practices
are not express violations of the laws set forth above, those practices fall within the penumbra
of such laws and a finding of unfairness can properly be tethered to the public policies
expressed therein.  Thus, Defendants engaged in practices that are unfair and thus prohibited
by the UCL.

65.    Plaintiff and the Proposed Class are entitled to restitution, disgorgement and
injunctive relief.

**CLASS ACTION COMPLAINT**

1

## PRAYER FOR RELIEF

2          WHEREFORE, Plaintiff respectfully requests the following:

3      1.    Certify the requested Class, approve the Plaintiff as Class representative and

4          approve the

5   Plaintiff's attorneys as Class Counsel;

6      2.    Enter a Judgment against Defendants as follows:

7      3.    For general, special, statutory and treble damages;

8      4.    For pre-judgment interest as allowed by law;

9      5.    For attorney's fees;

10     6.    For costs of suit;

11     7.    For restitution and disgorgement of profits;

12     8.    For injunctive relief; and

13     9.    For such other and further relief as the court may deem proper.

14

15  Respectfully submitted,

16  DATED: May 23, 2018               By: _*/s/ Ross Cornell*_____

17                                    Ross Cornell, Esq. (SBN 210413)
                                      Email: *ross.law@me.com*
18                                    LAW OFFICES OF ROSS CORNELL, APC
                                      111 W. Ocean Blvd., Suite 400
19                                    Long Beach, CA  90802
                                      Phone:  (562) 612-1708
20

21                                    Reuben D. Nathan, Esq. (SBN 208436)
                                      Email: *rnathan@nathanlawpractice.com*
22                                    NATHAN & ASSOCIATES, APC
                                      600 W. Broadway, Suite 700
23                                    San Diego, California 92101
                                      Phone: (619) 272-7014
24

25                                    Attorneys for Plaintiff,
                                      TINA M. ARELLANO and the PROPOSED CLASS
26

27

28

**CLASS ACTION COMPLAINT**