Reuben D. Nathan, Esq. (SBN 208436)
NATHAN & ASSOCIATES, APC
*rnathan@nathanlawpractice.com*
2901 West Pacific Coast Hwy, Suite 350
Newport Beach, CA 92663
Tel: (949) 263-5992

Ross Cornell, Esq. (SBN 210413)
Email: *ross.law@me.com*
LAW OFFICES OF ROSS CORNELL, APC
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Tel: (562) 612-1708

Attorneys for Plaintiff, TINA ARELLANO

SHANON J. MCGINNIS (SBN 284234)
smcginnis@wargofrench.com
JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wargofrench.com
SCOTT R. LAES (SBN 307894)
slaes@wargofrench.com
WARGO & FRENCH LLP
601 S. Figueroa St., Suite 4625
Los Angeles, California 90017
Tel: (310) 853-6300 | Fax: (310) 853-6333

Attorneys for Defendant SELECT PORTFOLIO SERVICING, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TINA M. ARELLANO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC. and Does 1-50, inclusive,<br><br>Defendants. | Case No: 2:18-cv-04442-JFW-PLA<br><br>**CLASS ACTION**<br><br>**DISCOVERY MATTER:**<br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. John F. Walters<br>Magistrate Judge: Paul L. Abrams |

1. **PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **GOOD CAUSE STATEMENT**

Plaintiff Tina Arellano ("Plaintiff") alleges that Defendant Select Portfolio Servicing, Inc. ("Defendant") violated California Civil Code §2923.7 and §2924.12. The lawsuit involves Plaintiff and other similarly-situated persons requesting loan assistance from Defendant, which involves the disclosure of sensitive financial records and other related data that will encompass the Discovery Material.

Further, good cause exists for the entry of this Stipulated Protective Order, as the Parties reasonably believe in good faith that Discovery Material in this Action may include material that is not within the public record or otherwise available in the public domain, or which may be privileged or otherwise protected from disclosure under applicable federal or state laws, court rules, case decisions, or the common law. Without limitation, this Discovery Material may include Defendant's confidential and proprietary business or financial information; information regarding confidential business practices; and other

1

confidential research, development, or commercial information. This Discovery Material is permitted to be designated as "CONFIDENTIAL" Information under this Order.

The Parties also reasonably believe in good faith that Discovery Material in this Action may include material which, if publicly disclosed, would expose Defendant and/or its services to a significant competitive or commercial disadvantage. Without limitation, this Discovery Material may include trade secrets, processes, formulas, systems, software, methodologies, customer data, policy and training manuals, privileged materials, aggregate customer information and indicators, personal identifying information and other valuable research, commercial, technical and/or proprietary information. This Discovery Material is permitted to be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information under this Order.

Based upon the foregoing, the Parties agree that special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Accordingly, to adequately preserve, protect, and defend the confidentiality of Discovery Material; to facilitate the prompt resolution of disputes over the confidentiality of Discovery Material; to expedite the flow of Discovery Material; to ensure that the Parties are permitted reasonable necessary uses of Discovery Material in preparation for trial; to address the handling of Discovery Material at the conclusion of the Action; and to serve the ends of justice, the Parties stipulate that this Protective Order is justified and should be entered in this Action.

## 3. DEFINITIONS

3.1 Action: The civil action filed in the United States District Court for the Central District of California, entitled *Tina M. Arellano v. Select Portfolio Servicing, Inc.*, Case No. 2:18-cv-04442-JFW-PLA.

3.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

3.3     "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4     "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things which, if publicly disclosed, could result in significant competitive or commercial disadvantage to the Designating Party, and as specified above in the Good Cause Statement.

3.5     Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.6     Defendant: Select Portfolio Servicing, Inc., the defendant in the Action.

3.7     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.8     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.9     Expert:  A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.10    In-House Counsel:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.11    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.12    Outside Counsel of Record:  Attorneys who are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared

in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

3.13 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.14 Plaintiffs: Tina M. Arellano, the plaintiff in the Action.

3.15 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.16 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.17 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.18 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

1  **5.  DURATION**

2       Once a case proceeds to trial, all of the court-filed information to be introduced that
3  was previously designated as confidential or maintained pursuant to this protective order
4  becomes public and will be presumptively available to all members of the public, including
5  the press, unless compelling reasons supported by specific factual findings to proceed
6  otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City of Cnty.*
7  *of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing
8  for sealing documents produced in discovery from "compelling reasons" standard when
9  merits-related documents are part of court record).  Accordingly, the terms of this protective
10 order do not extend beyond the commencement of the trial, except that any information
11 filed with the court under seal will remain sealed and/or be destroyed at the conclusion of
12 the case.

14 **6.    DESIGNATING PROTECTED MATERIAL**

15       6.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

16       Each Party or Non-Party that designates information or items for protection under
17 this Order must take care to limit any such designation to specific material that qualifies
18 under the appropriate standards.  The Designating Party must designate for protection only
19 those parts of material, documents, items, or oral or written communications that qualify so
20 that other portions of the material, documents, items, or communications for which
21 protection is not warranted are not swept unjustifiably within the ambit of this Order.

22       Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
23 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
24 unnecessarily encumber the case development process or to impose unnecessary expenses
25 and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a
26 Designating Party's attention that information or items that it designated for protection do

not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

      6.2    <u>Manner and Timing of Designations.</u>

Except as otherwise provided in this Order (see, e.g., the second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or material it would like copied and produced. During the inspection and before the designation, all of the documents or material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents or material it wants copied and produced, the Producing Party must determine which documents or material, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the document or material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify all protected testimony no later than 30 days after the deposition transcript is available . To preserve confidentiality during the period between the deposition and the deadline stated in the preceding sentence of this paragraph, any Party may conditionally designate the entirety of a deponent's testimony as confidential at the deposition, subject to specific designations by page and line numbers no later than 30 days after the deposition transcript is available.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges.</u>

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer.</u>

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.* Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

7.3 <u>Joint Stipulation.</u>

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8. ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1 <u>Basic Principles.</u>

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The witness shall not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and shall not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3 Disclosure of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

9

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(e) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10

*Arellano v. Select Portfolio Servicing, Inc.*, No. 2:18-cv-04442
STIPULATED PROTECTIVE ORDER

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**13. MISCELLANEOUS**

    13.1 <u>Right to Further Relief.</u>

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2 <u>Right to Assert Other Objections.</u>

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    13.3 <u>Filing Protected Material.</u>

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue**; good cause must be shown for the under seal filing**. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

1 **14. FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

/ / /

/ / /

/ / /

/ / /

/ / /

## 15. VIOLATION OF ORDER

Any violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 25, 2018

/s/ Ross Cornell
By: Ross Cornell
**LAW OFFICES OF ROSS CORNELL, APC**

*On behalf of Plaintiffs
and the Proposed Class*

Dated: July 25, 2018

/s/ Shanon J. McGinnis
By: Shanon J. McGinnis
**WARGO & FRENCH LLP**

*On behalf of Defendant
Select Portfolio Servicing, Inc.*

**IT IS SO ORDERED.**

Dated: August 1, 2018

Hon. Paul L. Abrams

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Arellano v. Select Portfolio Servicing, Inc.*, No. 2:18-cv-04442 (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____ [printed name]

Signature:_____ [signature]